### 21525

Michael R. MYERS, Appellant, v. FOOD TOWN STORES, INC., Respondent.

(281 S. E. (2d) 108)

---

[1] *State v. Shaw and Roach,* 273 S. C. 194, 255 S. E. (2d) 799 (1979).

*J. Leeds Barroll, IV*, Columbia, *for appellant*.

*William B. Harvey, III*, Columbia, *for respondent*.

July 27, 1981.

NESS, Justice:

Appellant, Michael R. Myers, appeals from an order permitting respondent, Food Town Stores, Inc., to file a late answer. We affirm.

On September 23, 1980 respondents were personally served with a summons and complaint at their corporate offices in Salisbury, N. C. Responsive pleadings were not served until the statutory period had run. Respondent moved for permission to file a late answer pursuant to S. C. Code § 15-13-90 (1976). The trial court granted the motion on the following grounds: (1) the placement of the summons on the inside back cover of the complaint, without any reference to it in the caption of the complaint sufficiently misled or confused the respondent and constituted excusable neglect; and (2) the respondent had asserted a meritorious defense.

The sole issue to be decided is whether the trial court erred in permitting respondent to answer. We hold it did not.

An order allowing an answer beyond the time limited by the Code is within the sound discretion of the court. *Brown v. Weathers*, 251 S. C. 67, 160 S. E. (2d) 133 (1968). Moreover, where a discretionary order is based on factual as distinguished from legal conclusions it will not be disturbed unless without evidentiary support. *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980).

Here, the trial court held, and we agree, although appellant's summons technically complied with the requirements of S. C. law; the unusual location of the summons failed to fulfill the essential purpose of clearly placing respondent on notice of the time period in which to answer and constituted excusable neglect.

The order of the trial court permitting respondent to file an answer is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.