22539

Elizabeth S. TYSON, Appellant v. UNITED FOOD SERVICES, INC., Respondent.

(346 S. E. (2d) 27)

Supreme Court

*Carl N. Lundberg*, of Law Offices of *J. Marvin Mullis, Jr.*, Attorney at Law, P.A., Columbia, *for appellant.*

*Robert E. Staton*, of *Quinn, Brown, Staton & Boyle*, Columbia, *for respondent.*

Submitted Feb. 26, 1986.

Decided July 11, 1986.

NESS, Chief Justice:

In this action brought under the State Human Affairs Law, the trial judge refused to enter a default judgment in favor of appellant Tyson and granted respondent United Food Services, Inc. leave to file a late answer. We affirm.

Tyson was employed by United at its facility at Fort Jackson. Her supervisor allegedly made sexual advances which Tyson rejected. Tyson's employment was terminated shortly thereafter.

Tyson filed a complaint with the State Human Affairs Commission and requested an independent investigation by the Equal Employment Opportunity Commission. United cooperated fully with both investigations.

United was notified by the Human Affairs Commission that Tyson's complaint had been dismissed as being without merit, but the EEOC investigation was still pending. Tyson brought this action in circuit court, and served United through the Secretary of State. When United failed to answer within the prescribed time, Tyson moved for entry of a default judgment. United moved to file a late answer as soon as it received notice of the motion for default.

The trial judge held United had demonstrated excusable neglect by showing its confusion over the various claims instituted by Tyson. He concluded United could reasonably have believed the complaint related to the action then pending before the EEOC, to which United had already responded. We agree.

Tyson's proliferation of claims through several different sources could well have confused United. We find no abuse of discretion. See, *Myers v. Food Town Stores, Inc.*, 276 S. C. 571, 281 S. E. (2d) 108 (1981).

The decision of the trial judge is affirmed.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.