0915

Kimberly J. ROBERTS, Respondent v. Jere PETERSON, Appellant.

(355 S. E. (2d) 280)

Court of Appeals

*Robert N. Rosen* and *Alice F. Paylor* of *Rosen, Rosen & Hagood,* Charleston, *for appellant.*

*Lawrence C. Kobrovsky* and *Deborah Wright* of *Stuckey & Kobrovsky,* Charleston, *for respondent.*

Heard Jan. 22, 1987.

Decided March 30, 1987.

GARDNER, Judge:

Kimberly J. Roberts (Roberts) brought this action against her former schoolteacher, Jere Peterson (Peterson), for personal injuries caused by the breaking or exploding of a glass tube during a chemical experiment. The State of South Carolina maintained a liability insurance policy covering Peterson for personal injury liability. Peterson handed the suit papers to her school principal. The school authorities failed to timely notify its attorney or the insurance company. Roberts obtained a default judgment as to liability on February 25, 1985. The appealed order of January 22, 1986, found that Peterson had a meritorious defense and that although Peterson's negligence in not answering was excusable, the school board's was not and the negligence of the school board was imputable to Peterson and denied Peterson's motion to vacate the order of default. We reverse and remand.

From the record we conclude that Peterson has a valid and meritorious defense but that the school authorities were negligent, but not necessarily inexcusably negligent.

We also conclude from the record that although the state maintained a personal injury liability policy to cover Peterson, there is no evidence of record that the state maintained an errors and omissions liability insurance policy covering the particular school employees who failed to hand the suit papers to the attorney. In all probability, were the appealed order affirmed and a large verdict rendered against Peterson, since this suit was instituted on January 16, 1985, Peterson would have no recourse against the state under *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985).

The courts of this state have consistently held that the negligence of an attorney or insurance company is imputable to a defaulting litigant. *See* 12 S. C. Digest *Judgment* Key No. 143 (West 1975). Before us, however, is an employer, the school officials of Charleston County, whose business is education not litigation. The duty to act timely in attending the pending litigation was, of course, existent. But the negligence in the failure to act was more excusable, we think, than the cases involving attorneys or insurance companies.

And there is another consideration. It is the general rule in this country that when an employee hands suit papers to his/her employer and the employer fails to properly answer the suit papers, the courts grant relief to the defaulting defendant in the interest of trying cases on their merits. *See King v. Mitchell*, 188 Or. 434, 214 P. (2d) 993 (1950), 16 A.L.R. (2d) 1128 and the authorities cited in the annotation.

Turning to the case at hand, the trial judge made his ruling in this case pursuant to Section 15-27-310, Code of Laws of South Carolina (1976), repealed by 1985 S. C. Act No. 100. Arguments in this case were heard on July 23 and the decision should have been made pursuant to Rule 55(c) and Rule 60(b) of the S.C.R.C.P. which became effective on July 1, 1985. We quote from South Carolina Civil Procedure by Dean Harry M. Lightsey, Jr., and Professor James F. Flannagan at page 7 the following.

Interpretation of the Rules does present some problems. In some instances the same language has been construed differently by the respective courts. The best example is relief from judgments now found in Rule 60(b). Mistake, inadvertence and excusable [sic] neglect are terms used in both systems but the Federal Courts have interpreted them broadly while State Courts have been extremely reluctant to vacate default judgments and have thus resorted to more restrictive definitions. Again, State rather than Federal case law should govern in those situations. The language of the Federal model has been adopted but not necessarily its precedent. They should be persuasive only when compelled by the text, *or in the absence of prior state law.* [Emphasis added.]

This case is unique because all state agencies and/or political subdivisions and their agencies are now acutely aware that the rule of governmental immunity has been overruled by the South Carolina Supreme Court. State and County employees now have, or should have, detailed instructions and procedures to follow when served with suit papers; this was not the situation in the case before us which was instituted in early 1985. And we hold this situation impacts on the exercise of the discretion of the trial judge in the determination of whether the neglect of the Charleston school officials in this case was excusable.

For the foregoing reasons, the appealed order is reversed and the case is remanded for reconsideration by the trial judge in view of the foregoing remarks.

Reversed and remanded.

SHAW and BELL, JJ., concur.