1253

MITCHELL SUPPLY COMPANY, INC., Appellant v. Beverly E. GAFF-NEY, Mary Gaffney, Thomas E. Gaffney and Mary Ann Gaffney, d/b/a National Electric Company, Respondents.

(375 S. E. (2d) 321)

Court of Appeals

*Dana C. Mitchell, III,* and *Capers Bouton,* both of *Mitchell & Bouton,* Greenville, *for appellant.*

*T. Louis Cox, Jr.,* and *Mario W. Schenkel,* Spartanburg, *for respondents.*

Heard Oct. 19, 1988.

Decided Nov. 28, 1988.

CURETON, Judge:

This appeal presents the question of whether the trial court abused its discretion in vacating a judgment, when the neglect relied on by Respondents was their attorney's failure to properly review pleadings delivered to him. We reverse and remand.

Appellant—Mitchell Supply Company, Inc. (Mitchell) served suit papers in two lawsuits on the Respondents (hereafter referred to as Gaffneys). One was a mechanic's lien foreclosure action; the other sought a personal judgment on an open account. Neither lawsuit was answered and eventually default judgment was entered in the open account suit.

The Gaffneys moved to vacate the judgment. Accompanying the motion to vacate was an affidavit from their at-

torney. The affidavit stated that during the course of his representation of Beverly Gaffney in a bankruptcy proceeding, Mr. Gaffney brought to him two complaints which named Mr. Gaffney, his wife Mary Gaffney, and his son Thomas E. Gaffney as defendants. The agreed Statement of the Case asserts:

"After review of the Complaints, Mr. Cox [Gaffneys' counsel] believed he had been handed copies of the same Summons and Complaints, and noticed that Case No. 86-CP-11-88 was an action to foreclose a Mechanic's Lien and advised the Defendant [sic] that a money judgment could not be rendered against them personally and, therefore, no answer was needed."

A default judgment in the mechanic's lien foreclosure was mistakenly entered on April 23, 1986. Thereafter, a consent order was entered in the bankruptcy proceeding wherein the bankruptcy court granted relief from its automatic stay in order for the mechanic's lien action to proceed in state court. Subsequently, Mitchell obtained a supplemental order satisfying the judgment in the mechanic's lien foreclosure suit and entering judgment in the open account action.

In granting the motion to vacate, the court found failure to answer the suit papers in the open account suit was "inadvertence of the [Gaffneys'] attorney which is the more excusable in that he had dealings with [Mitchell's] attorney who never apprised him that [Mitchell] intended to obtain a default judgment against the [Gaffneys]." The court further found that Mary Gaffney and Thomas E. Gaffney had a meritorious defense because there was evidence that only Beverly Gaffney was liable for the open account.[1]

Mitchell asserts that the trial court's order was without evidentiary support and therefore the court abused its discretion. S. C. R. Civ. P. Rule 60(b)(1) authorizes relief from a final judgment on grounds of mistake, inadvertence, surprise or excusable neglect. Relief under this section is within the sound discretion of the trial judge. *See Ammons v. Hood*, 288 S. C. 278, 341 S. E. (2d) 816

---

[1] Presumably no personal judgment could be obtained against Mr. Gaffney because he had been released in bankruptcy.

(Ct. App. 1986). The trial judge's decision will not be disturbed on appeal unless there is a clear showing of abuse of discretion. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981). An abuse of discretion arises where the deciding judge was controlled by some error of law or where his order, based upon factual, as distinguished from legal conclusions, is without evidentiary support. *Id.* at 564, 274 S. E. (2d) at 291.

As pertains to the requirement the Gaffneys show a meritorious defense to be entitled to relief from judgment, we have been unable to locate a case decided by an appellate court of this state addressing the requirement under the new rules. The existence of a meritorious defense was a requirement under Section 15-27-130, Code of Laws of South Carolina, 1976, the precursor to Rule 60(b)(1). *Graham v. Town of Loris*, 272 S. C. 442, 248 S. E. (2d) 594 (1978). Federal cases interpreting Federal Rule 60(b)(1) require a meritorious defense. 6 J. Moore, W. Taggart, and J. Wicker, *Moore's Federal Practice* Section 55.10[1], Ft. 18 (2d ed. 1988). We hold that the South Carolina Rules of Civil Procedures have not changed this requirement. *See* H. M. Lightsey and J. F. Flanagan, *South Carolina Civil Procedure* 398, 402 (1985).

The inadvertence or mistake involved here is clearly that of the Gaffneys' attorney. The Gaffneys have in no way contributed to their predicament. While some federal cases have made a distinction between the neglect of a defaulting party's attorney and the neglect of a party himself, [*See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F. (2d) 808 (4th Cir. 1988); *United States v. Moradi*, 673 F. (2d) 725 (4th Cir. 1982)] we have been unable to locate a case from this state which makes that distinction. It was stated in *Simon v. Flowers*, 231 S. C. 545, 99 S. E. (2d) 391 (1957):

Although a wide discretion is vested in courts to set aside or vacate judgments because of the neglect, misconduct or inadvertence of counsel employed in the case, the general rule undoubtedly is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it

would have been excusable if attributable to the client. The acts and omissions of the attorney in such cases are those of the client.

*Id.* at 551, 99 S. E. (2d) at 394; *accord Clark v. Clark,* 271 S. C. 21, 244 S. E. (2d) 743 (1978); *Sanders v. Weeks,* 270 S. C. 214, 241 S. E. (2d) 565 (1978). A recent decision of this court reversed a default judgment against a teacher who after receiving suit papers turned them over to her employer who in turn failed to timely transmit them to its attorney. We held that while the courts of this state have consistently ruled that the neglect of an attorney is imputable to a defaulting litigant, the neglect of the school officials, whose business was education, not handling legal matters, was more excusable than the neglect of an attorney. *Roberts v. Peterson,* 292 S. C. 149, 355 S. E. (2d) 280 (Ct. App. 1987).

In *Roberts* we cited with approval language from *South Carolina Civil Procedure* by Dean H. M. Lightsey and Professor J. F. Flanagan at Page 7 (1985) as follows:

> Interpretation of the Rules does present some problems. In some instances the same language has been construed differently by the respective courts. The best example is relief from judgments now found in Rule 60(b). Mistake, inadvertence and excusible [sic] neglect are terms used in both systems but Federal Courts have interpreted them broadly while State Courts have been extremely reluctant to vacate default judgments and have thus resorted to more restrictive definitions. Again, State rather than Federal case law should govern in those situations. The language of the Federal model has been adopted but not necessarily its precedent. They should be persuasive only when compelled by the text, or in the absence of prior state law.

*Roberts,* 292 S. C. at 152, 355 S. E. (2d) at 281.

We hold that adoption of the South Carolina Rules of ■ ■ Civil Procedure has not changed the substantive requirement establishing a showing of mistake, inadvertence and excusable neglect.[2] With this in mind, we

---

[2] The South Carolina Supreme Court may wish to reexamine the requirements for setting aside default judgments with an eye toward liberalizing

examine the Gaffneys counsel's conduct in terms of its excusability. In so doing, we have been unable to distinguish the kind of neglect here involved from that of counsel in *Ledford v. Pennsylvania Life Insurance Co.*, 267 S. C. 671, 230 S. E. (2d) 900 (1976). There the failure to answer a complaint was the fault of corporate counsel for the insurer who had received the suit papers and briefly reviewed the claim file. Two letters in the claim file caused insurer's counsel to assume the case had been referred to South Carolina counsel by his predecessor. Those letters, however, antedated the service of the summons and complaint by several weeks. At the time counsel read the letters, he had the suit papers in the file. The court concluded that "[e]ven a cursory examination of these papers would readily have disclosed the fallacy of the assumption which he made." *Id.* at 677, 230 S. E. (2d) at 903. In the instant case a cursory examination of just the first pages of the two complaints would have revealed two different suits. As in *Ledford,* the Gaffneys' attorney has shown neglect, but no excuse for it. *Clark v. Clark, supra.*

It is apparent from the trial court's order that it was adversely impressed by the failure of Mitchell's counsel to communicate to Gaffneys' counsel the fact that he intended to obtain a default judgment at the time he obtained their counsel's consent to an order in bankruptcy court. This he reasoned made the Gaffneys counsel's conduct all the more excusable. The trial judge found:

> [Mitchell's] attorney during the negotiations about the Consent Order did not advise Mitchell [Gaffneys' attorney] that on April 23, 1986, he had obtained a default judgment against the [Gaffneys] in the mechanic's lien foreclosure action, even though it was obvious these Defendants were related to Beverly E. Gaffney, nor had he advised [Gaffneys' attorney] that he intended to get a default judgment against them in [the open account suit].

A study of the decisions shows that our courts have been

them to more closely comport with the interpretations of the Federal courts.

less reluctant to set aside default judgments where the defaulting party or his counsel was misled by the conduct or acts of the opposing counsel. *See Myers v. Food Town Stores, Inc.*, 276 S. C. 571, 281 S. E. (2d) 108 (1981); *Strickland v. Consolidated Energy Products Co.*, 274 S. C. 554, 265 S. E. (2d) 682 (1980). Here, however, the bankruptcy consent order negotiations discussed by the trial judge occurred after the Gaffneys were already in default and could not have contributed to the default. We therefore reject this as a basis for buttressing counsel's claim of excusable neglect.

Having concluded there is an insufficient factual basis for finding mistake, inadvertence, or excusable neglect, we need not decide whether the Gaffneys have shown a meritorious defense. The order of the trial court is reversed and the matter remanded with instructions to reinstate the default judgment.

Reversed and remanded.

SHAW and BELL, JJ., concur.

