537 S.E.2d 559

UNISUN INSURANCE, Appellant,

v.

Bruce HAWKINS, Tony Hawkins and
Ruby Hawkins, Respondents.

No. 3240.

Court of Appeals of South Carolina.

Heard June 8, 2000.
Decided Sept. 11, 2000.
Rehearing Denied Nov. 4, 2000.

538

John F. Martin, of Charleston, for appellant.

H. Brent Fortson, of Clarkson, Fortson, Walsh & Rheney; and Robert D. Moseley, of Leatherwood, Walker, Todd & Mann, both of Greenville, for respondents.

SHULER, Judge:

In this subrogation action arising from an automobile accident, Unisun Insurance Company appeals a trial court order granting summary judgment to Bruce Hawkins, Tony Hawkins, and Ruby Hawkins. We affirm in part, reverse in part, and remand.

## FACTUAL BACKGROUND

On October 8, 1994, Bruce Hawkins was driving a car owned by his parents, Tony and Ruby Hawkins (the Hawkinses) when he was involved in a collision with a vehicle insured by Unisun. At the time of the accident, Bruce was living with the Hawkinses. Because the Hawkinses failed to carry insurance on their car at the time of the accident, Unisun was forced to pay its insured's losses under the uninsured motorist provision of its policy.

On October 3, 1997, Unisun filed a claim against Bruce and the Hawkinses alleging negligence and a violation of the South Carolina Motor Vehicle Financial Responsibility Act, respectively.[1] On October 4, 1997, four days before the statute of limitations ran, Unisun served all three defendants at the Hawkinses' residence. At the time of service, however, Bruce no longer resided with his parents. Unisun neither served Bruce at his current home nor ever served him personally.

Bruce and the Hawkinses filed an answer collectively. As a third defense, the answer averred: "Plaintiffs have failed to serve defendant Bruce Hawkins within the three year statute of limitations."

On October 20, 1998, all three defendants moved for summary judgment. Bruce moved for summary judgment on the ground that Unisun failed to serve him within the statute of limitations period. Bruce argued that any attempted service

---

1. S.C.Code Ann. §§ 56–9–10 to 56–9–120 (1977 & Supp.1999).

on him prior to the running of the statute of limitations failed to comply with Rule 4, SCRCP, and thus was insufficient. Because the statute of limitations ran after the initial, insufficient service attempt, Bruce contended Unisun failed to timely serve him prior to the running of the statute of limitations.

The Hawkinses argued that because their liability was derivative of Bruce's liability, and Bruce was not served within the statute of limitations, they could not be held liable. Additionally, the Hawkinses moved for summary judgment on the ground that the only cause of action pled by Unisun against them was the Financial Responsibility Act, which provides no private cause of action.

The trial court granted both Bruce's and the Hawkinses' motions for summary judgment. The court found that Unisun failed to accomplish proper service on Bruce by either delivering the summons and complaint to him personally or by leaving a copy at his "usual place of abode" in accordance with Rule 4(d), SCRCP.[2] In addition, the court specifically found Bruce had adequately pled non-service as well as the running of the statute of limitations in defense to Unisun's claims.[3] As to the Hawkinses, the trial court found Unisun failed to state a cause of action under the family purpose doctrine or a theory of negligent entrustment. Finally, the court held no independent cause of action exists for a violation of the Financial Responsibility Act.

## LAW/ANALYSIS

### I.

Unisun asserts the trial court erred in finding that Bruce was not served within the statute of limitations period because he waived the right to contest the sufficiency of

---

2. We agree with the trial court that service on Bruce failed to comply with Rule 4(d), SCRCP, and was thus insufficient.

3. In its order, the trial court stated it was not dealing with insufficient service as contemplated under Rule 12(b)(5), SCRCP, but rather non-service. This was error. "A Rule 12(B)(5) motion is the proper vehicle for challenging the ... *lack of delivery* of the summons and complaint." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil 2d § 1353 (1990) (emphasis added).

service of process by failing to properly challenge service under Rule 12(b)(5).

Rule 12(b), SCRCP, provides, in pertinent part:

Every defense ... to a cause of action in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (5) insufficiency of service of process.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

Additionally, Rule 12(h)(1), SCRCP, expressly provides that the defense of insufficiency of service of process is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

In *Garner v. Houck*, 312 S.C. 481, 435 S.E.2d 847 (1993), our supreme court held that a party who fails to properly raise the defense of insufficient service of process under Rule 12 waives any issues or defenses regarding service, including a statute of limitations defense. *See also* James F. Flanagan, *South Carolina Civil Procedure* 100 (2d ed. 1996) ("The ... waiver provision affects not only the motion itself, but any argument based on the alleged defect."). Because Bruce's statute of limitations claim is inextricably tied to the attempted service on him, the dispositive issue on appeal is whether Bruce's objection to the sufficiency of service was properly pled, thereby preserving his statute of limitations defense.

The trial court found that the following language sufficiently raised the defense of insufficient service of process under Rule 12(b)(5): "Plaintiffs have failed to serve defendant Bruce Hawkins within the three year statute of limitations." Unisun argues the trial court erred in finding this averment properly raised the issue of insufficiency of service of process. We agree.

Rule 8(e)(1), SCRCP states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required." Moreover, "[a]ll pleadings shall be so construed as to do substantial justice to all parties." Rule 8(f), SCRCP. We will not, however, write

into the pleadings allegations and defenses that are not presented. *Davis v. Monteith,* 289 S.C. 176, 345 S.E.2d 724 (1986).

■ Although our courts have not addressed the degree of specificity required by our rules of civil procedure, Rule 12(b)(5) is substantially similar to its federal counterpart. In the absence of prior state law on the issue in question, federal cases interpreting the rule are persuasive. *See Roberts v. Peterson,* 292 S.C. 149, 355 S.E.2d 280 (Ct.App.1987) (noting that where the state rule has adopted the language of a federal rule, federal cases interpreting the federal rule are persuasive).

Federal courts addressing this issue have held that objections to the sufficiency of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the rule relating to the service provisions. *See O'Brien v. R.J. O'Brien & Assocs.,* 998 F.2d 1394 (7th Cir.1993) (holding objection to service of process must be specific and point out in what manner the rules were not satisfied); *Photolab Corp. v. Simplex Specialty Co.,* 806 F.2d 807 (8th Cir.1986) (same); *Sassower v. City of White Plains,* 1993 WL 378862 (S.D.N.Y.1993) (same); *King v. Best Western Country Inn,* 138 F.R.D. 39 (S.D.N.Y.1991) (same); *In re Highland Acres, Inc.,* 1994 WL 473357 (Bkrtcy.D.Mont.) ("This Court holds as a matter of law that an affirmative defense averring a 'Complaint is not timely' does not provide sufficient specificity to invoke ... the insufficiency of service of process defense of [R]ule 12(b), or to avoid waiver under Rule 12(g) and (h)."); *see also White v. Johnson,* 151 Ga.App. 345, 259 S.E.2d 731 (1979) (noting that under Georgia law, insufficiency of service of process defense must be specifically pled or is waived). In fact, "[t]he objection to insufficiency of process or its service should point out specifically in what manner plaintiff has failed to satisfy the requirements of the service provision he utilized." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil 2d § 1353 (1990) (citing *Travelers Ins. Co. v. Panama–Williams, Inc.,* 424 F.Supp. 1156 (N.D.Okla.1976)).

We hold the averment that Unisun "failed to serve Bruce Hawkins within the three-year statute of limitations" is insuffi-

cient, standing alone, 'to raise the defense of insufficiency of service of process. Here, Bruce failed to identify that he was moving to challenge service of process pursuant to Rule 12 and failed to specify any defects in the service of process. Having failed to allege process with even a minimal amount of specificity in his responsive pleading, Bruce may not now bootstrap the defense to his statute of limitations argument, a separate affirmative defense likewise subject to waiver. *See* Rule 8(c), SCRCP.

We also reject Bruce's assertion that insufficiency of service of process is a "lesser included offense" of the total failure to serve, such that proper pleading of the defense of non-service requires less specificity than the defense of insufficiency of service of process. As noted above, Rule 12(b)(5) is the proper vehicle for challenging both "the mode of delivery or the *lack of delivery* of the summons and complaint." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil 2d § 1353 (1990) (emphasis added).

Having failed to properly plead the defense of insufficiency of service of process either by motion or in his answer, Bruce has waived the defense. Because Bruce failed to challenge the service of process properly, he has also waived his statute of limitations defense under *Garner.* Accordingly, we reverse the trial court's grant of summary judgment to Bruce and remand the case for trial.[4]

## II.

Unisun next argues the trial court erred in granting summary judgment to the Hawkinses. We disagree.

"Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Tupper v. Dorchester County,* 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997).

The trial court held that Unisun's complaint failed to set forth a cause of action against the Hawkinses under the family

---

4. Because we hold that Bruce failed to properly challenge the sufficiency of service of process, we need not reach Unisun's argument that Bruce waived the right to contest service by making a motion for summary judgment, as opposed to a motion to dismiss or quash pursuant to Rule 12, SCRCP.

purpose doctrine or for negligent entrustment. The court also held that even had Unisun properly pled a cause of action under either theory, Unisun's recovery was barred because the Hawkinses' liability was derivative of Bruce's. Thus, the trial court reasoned, if the statute of limitations ran against Bruce, it necessarily ran against the Hawkinses.

Unisun argues that the trial court erred in finding the Hawkinses' liability was derivative of Bruce's liability. Unisun, however, failed to appeal the underlying ruling—that the complaint failed to set forth a cause of action under either theory of recovery. Hence, it is the law of the case. *See Town of Mt. Pleasant v. Jones,* 335 S.C. 295, 516 S.E.2d 468 (Ct.App.1999) (an unappealed ruling becomes the law of the case, and the appellate court must assume the ruling was correct). Accordingly, we cannot consider this issue on appeal.

■ The trial court did find that Unisun's complaint alleged the Hawkinses violated the Financial Responsibility Act. The court found, however, that Unisun did not have a private cause of action under the Act and granted summary judgment in the Hawkinses' favor. We agree.

■ In order to rest liability on the violation of a statute, the violation must be the proximate cause of the injury. 73 Am.Jur.2d *Statutes* § 437 (1974). Proximate cause is the efficient or direct cause of an injury. *Vinson v. Hartley,* 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996). An act is deemed to be the proximate cause of an injury when, without such an act, the injury would not have occurred. *Id.*

Unisun's argument fails because the Hawkinses' violation of the Act was not the proximate cause of the underlying injury in this case. Although Unisun may have been compelled to pay benefits because the Hawkinses were uninsured in violation of the Act, their violation was not the proximate cause of the accident.[5] Accordingly, we affirm the trial court's granting of summary judgment to the Hawkinses.

---

**5.** Because Unisun's rights in this case were subrogated to the rights of its insured, it inherited those causes of action its insured would have had against Bruce or the Hawkinses. *See Shumpert v. Time Ins. Co.,* 329 S.C. 605, 496 S.E.2d 653 (Ct.App.1998).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

GOOLSBY and HOWARD, JJ., concur.