UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CSX Transportation,
Incorporated,

   *Plaintiff-Appellant,*

   v.

Carolina Feed Mills,
Incorporated,

   *Defendant-Appellee.*

No. 02-1470

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CA-01-725-4-25)

Argued: December 4, 2002

Decided: December 17, 2002

Before WILKINSON, Chief Judge, and WILLIAMS and
MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Frank J. Gordon, MILLBERG, GORDON & STEWART,
P.L.L.C., Raleigh, North Carolina, for Appellant. John Thomas Lay,
Jr., ELLIS, LAWHORNE & SIMS, P.A., Columbia, South Carolina,
for Appellee. **ON BRIEF:** Marvin C. Jones, BOGOSLOW, JONES,
STEPHENS & DUFFIE, P.A., Walterboro, South Carolina, for

Appellant. M. Catherin Cauthen, ELLIS, LAWHORNE & SIMS, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this negligence action, the district court granted summary judgment on statute of limitations grounds to Carolina Feed Mills, Inc. ("Carolina"), finding that CSX Transportation, Inc. ("CSX") failed to "commence" the action by both timely filing and serving the complaint, as required under South Carolina law. We conclude, as did the district court, that Carolina neither waived its statute of limitations defense nor is estopped from asserting it. Accordingly, we affirm.

### I.

On March 18, 1998, a CSX freight train derailed at a milepost located in Chesterfield County, South Carolina. Carolina operates a business near the milepost, and a pond is located on Carolina's land. CSX alleges that the pond was "held by a dam constructed and maintained" by Carolina and that the "dam failed catastrophically which caused the water escaping the pond to flow onto the roadbed and railroad tracks immediately eroding them."

Prior to the filing of the instant action, on July 27, 1999, CSX conductor Henry Webb, the driver of the derailed train, sued both CSX and Dr. Winston Godwin, the owner of Carolina. CSX then filed a cross-claim against Godwin for its property damage. Godwin had insurance coverage from both Auto Owners Insurance Company and State Farm Fire and Casualty Company. Carolina and CSX retained the attorneys who also represent them in the instant case.

The parties settled Webb's claim. In mediating CSX's cross-claim, a dispute arose between Auto Owners and State Farm regarding which insurance company had primary coverage. In December 2000, CSX reached a partial settlement with State Farm and agreed to re-file the lawsuit against Carolina, rather than against Winston Godwin, and to pursue further recovery solely from Auto Owners.

When the prior suit concluded in December 2000, Carolina's counsel "orally requested that CSX counsel not serve the new lawsuit on Winston Godwin (as president and owner of Carolina Feed Mills) but rather send the lawsuit directly" to counsel. On January 11, 2001, Carolina counsel sent a letter to CSX counsel reiterating the request as to service of the complaint: "I am waiting on service of the complaint against Carolina Feed Mills. I can accept service of the complaint; therefore, forward it to my attention."

On March 12, 2001, CSX filed the complaint. The three-year statute of limitations expired on March 18, 2001. *See* S.C. Code Ann. § 15-3-530. On March 22, 2001, CSX counsel sent Carolina counsel a "notice of lawsuit and request for waiver of summons." Carolina counsel signed the waiver on April 9, 2001. The waiver was filed on April 26, 2001, and the complaint was deemed served on that day. *See* Fed. R. Civ. P. 4(d)(4).

The waiver provided that Carolina "agree[d] to save the cost of service of a summons and an additional copy of the Complaint" by not requiring that it "be served with judicial process in the manner" provided by Federal Rule of Civil Procedure 4. The waiver also provided that Carolina "will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons."

On May 5, 2001, Carolina filed its answer and asserted a statute of limitations defense. It did not assert an insufficiency of service of process defense. The parties cross moved for summary judgment on the statute of limitations defense.

## II.

The district court granted summary judgment to Carolina, reasoning that South Carolina law governed when an action "commenced" for purposes of the statute of limitations, and that CSX had timely filed but failed to timely serve its complaint within the three-year statute of limitations, which expired on March 18, 2001. *See* S.C. R. Civ. P. 3(a) ("A civil action is commenced by filing and service of a summons and complaint."); S.C. Code Ann. § 15-3-20.* CSX timely filed its complaint on March 12, 2001, but the complaint was not deemed served until April 26, 2001 — over a month after the running of the statute of limitations. Rejecting CSX's reliance on *Unisun Insurance v. Hawkins*, 537 S.E.2d 559 (S.C. Ct. App. 2001), the district court also held that Carolina had not waived its statute of limitations defense by failing to assert insufficiency of service of process in its answer. The district court further held that Carolina was not estopped from claiming the statute of limitations because the parties never discussed the applicable statute of limitations and, although Carolina's counsel did agree to accept service, he did not agree to waive any statute of limitations defense.

## III.

We have reviewed the record, briefs, and applicable law and have considered the oral arguments of both parties, and we conclude that the district court was correct. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See CSX Transport., Inc. v. Carolina Feed Mills, Inc.*, No. 4:01-725-25BF (D.S.C. March 29, 2002).

*AFFIRMED*

---

*The South Carolina legislature amended this provision, effective May 24, 2002, to provide that a "civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing." The parties agree that the amended provision does not apply to the instant action.