**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of Walterboro, Plaintiff,

v.

Charles E. Bush aka Charles Bush, Rosemelle M. Shuler, First Family Financial Services of Georgia, Inc., Equifirst Corporation, Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc., and South Carolina Department of Revenue, Defendants,

Of which Mortgage Electronic Registration Systems, Inc., as Nominee for BNC Mortgage, Inc., is the Appellant,

and

Bank of Walterboro and Rosemelle M. Shuler are the Respondents.

Appellate Case No. 2015-002049

Appeal From Jasper County
Darrell Thomas Johnson, Jr., Special Referee

Unpublished Opinion No. 2017-UP-327
Submitted June 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Sean A. O'Connor, of Finkel Law Firm LLC, of North Charleston for Appellant.

George W. Cone, of McLeod Fraser & Cone LLC, of Walterboro, and Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton, both for Respondent Bank of Walterboro.

R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Ofc., of Ridgeland, for Respondent Rosemelle M. Shuler.

---

**PER CURIAM:** Mortgage Electronic Recording Service (MERS) appeals the special referee's order denying its Rule 60, SCRCP, motion to vacate and set aside a final judgment of foreclosure. MERS contends it is entitled to relief under Rule 60(b), SCRCP, alleging mistake and excusable neglect in failing to answer the complaint or appear in this matter. MERS also argues it is entitled to relief under Rule 60(a), SCRCP, because the foreclosure decree contained clerical errors. Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the special referee erred in denying MERS's motion to vacate and set aside a final judgment under Rule 60(b), SCRCP: Rule 60(b), SCRCP (providing a party may seek relief from judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect"); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) ("Whether to grant or deny a motion to set aside a judgment is within the sound discretion of the trial judge."); *Goodson v. Am. Bankers Inc. Co. of Fla.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case."); *Mitchell Supply Co., Inc. v. Gaffney*, 297 S.C. 160, 165, 375 S.E.2d 321, 324 (1988) (holding a party was not entitled to relief under Rule 60(b), SCRCP, where the party's attorney mistakenly assumed two complaints were for the same action rather than for separate foreclosure and mechanic's lien actions and did not file an answer in one of the suits); *id.* ("[A] cursory examination of just the first pages of the two complaints would have revealed two different suits . . . [therefore, Respondent's] attorney has shown neglect, but no excuse for it."); *Hillman v. Pinion*, 347 S.C. 253, 256, 554 S.E.2d 427, 429 (Ct. App. 2001) ("[A] party may not generally use Rule 60(b)(1) as a vehicle for relief from a mistake of law.").

2. As to whether the special referee erred in denying MERS's motion to vacate and set aside a final judgment under Rule 60(a), SCRCP: Rule 60(a), SCRCP ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."); *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 151, 253 (Ct. App. 1994) ("Generally, a clerical error is defined as a mistake in writing or copying . . . [and a]s applied to judgments and decrees, it is a mistake or omission by a clerk, counsel, judge or printer which is not the result of exercise of judicial function." (citing *Black's Law Dictionary* 252 (6th ed. 1990))); *id.* ("While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.