**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carlton E. Cantrell, Appellant,

v.

Aiken County, Aiken County Animal Control/Code Enforcement Director Bobby Arthurs, Aiken County Animal Control/Code Enforcement Officer Ron Cooper, and Judge Donna L. Williamson, Respondents.

Appellate Case No. 2016-002275

---

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-269
Submitted June 1, 2018 – Filed June 27, 2018

---

**AFFIRMED**

---

Carlton E. Cantrell, pro se, of Aiken.

Daniel Clifton Plyler, of Davidson & Lindemann, PA, of Columbia, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(b)(6), SCRCP (stating a defendant may move to dismiss a complaint on the basis that the plaintiff failed to allege facts sufficient to constitute

a cause of action); *Bergstrom v. Palmetto Health Alliance*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In considering such a motion, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003) (noting this court will affirm a dismissal under Rule 12(b)(6) "if the facts alleged in the complaint do not support relief under any theory of law"); Rule 8(f), SCRCP ("All pleadings shall be so construed as to do substantial justice to all parties."); *Unisun Ins. v. Hawkins*, 342 S.C. 537, 541-42, 537 S.E.2d 559, 561 (Ct. App. 2000) ("[This court] will not, however, write into the pleadings allegations and defenses that are not presented."); *McBride v. Sch. Dist. of Greenville Cty.*, 389 S.C. 546, 565, 698 S.E.2d 845, 855 (Ct. App. 2010) ("The elements of malicious prosecution are (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) *termination of such proceedings in plaintiff's favor*; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." (emphasis added)).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.