**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ina Shtukar, Appellant,

v.

Erie Insurance Group, Respondent.

Appellate Case No. 2024-001311

Appeal from York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2026-UP-031
Heard November 13, 2025 – Filed January 28, 2026

**REVERSED AND REMANDED**

Ina Shtukar "Steinberg," *pro se*, of Rock Hill, for Appellant.

Joseph Walker Fulton, Ian Matthew Hobbs, Elizabeth Ann Martineau, and Natasha Marie Durkee, all of Martineau King PLLC, of Charlotte, North Carolina, for Respondent.

**PER CURIAM:** Appellant Ina Shtukar appeals the circuit court's order granting Respondent Erie Insurance Group's motion to dismiss. Appellant argues the circuit court erred by finding the following: (1) Respondent did not waive its insufficiency of process or service defenses pursuant to Rule 12(h), SCRCP; (2) Appellant failed

to commence the action under Rule 3, SCRCP, because the summons and complaint served on Respondent were not the summons and complaint filed with the clerk of court; and (3) Appellant's causes of action were barred by the statutes of limitations. Appellant also argues the circuit court erred by denying her motion for entry of default because Respondent failed to file a timely motion under Rule 12(a), SCRCP, and the circuit court's denial rested on an error of law. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Appellant electronically filed her initial summons and complaint (filed summons and complaint) with the York County Court of Commons Pleas on February 7, 2023. The only defendant listed on the filed summons and complaint was "Erie Insurance Group."[1] Appellant alleged a breach of the duty of good faith and unfair trade practice and sought injunctive relief and punitive damages related to a North Carolina car insurance policy issued by Respondent. Critically, all parties agree the policy was issued by Erie Insurance *Exchange*, not Erie Insurance *Group*.

On February 10, 2023, Appellant properly served a summons and complaint on the Department of Insurance (DOI) in accordance with section 15-9-285(a) of the South Carolina Code (2005),[2] and DOI accepted the service. The DOI summons and complaint were identical to the filed summons and complaint except the DOI summons and complaint listed "Erie Insurance Exchange" as the only defendant. On February 22, 2023, DOI forwarded the accepted process to Respondent. On February 27, 2023, Respondent was served at its place of business via certified mail with "Erie Insurance Exchange" listed as the only defendant. The *only* difference between the filed summons and complaint and the summonses and complaints Respondent received from DOI and via certified mail is the entity designator for the listed defendant—"Group" versus "Exchange," respectively.

---

[1] Within the complaint, Appellant also referred to the defendant as "Erie Insurance Company" and "Erie."

[2] "The issuance and delivery of a policy of insurance or contract of insurance or indemnity to any person in this State or the collection of a premium thereon by an insurer not licensed in this State, as required, irrevocably constitutes the Chief Insurance Commissioner, and his successors in office, the true and lawful attorney in fact upon whom service of any and all processes, pleadings, actions, or suits arising out of the policy or contract in behalf of the insured may be made." § 15-9-285(a).

On February 16, 2023, before Respondent received the DOI summons and complaint or the summons and complaint via certified mail, Respondent's counsel entered a notice of appearance with the circuit court. On February 28, 2023, Respondent's counsel reached out to Appellant, asking for her consent to an extension of time for filing its response to her complaint; Appellant consented to an extension.

On April 28, 2023, Respondent filed its first motion to dismiss, seeking dismissal pursuant to Rules 12(b)(2) and 12(b)(6), SCRCP—lack of personal jurisdiction and Appellant's failure to state facts sufficient to constitute a cause of action. Respondent argued the court did not have personal jurisdiction over it because (1) Respondent did not have minimum contacts with South Carolina and (2) the named defendant on the filed summons and complaint—Erie Insurance Group—did not exist and there was no record of such an entity doing business in South Carolina. Respondent did not raise any argument related to section 15-9-285(a). Respondent's Rule 12(b)(6) argument involved whether Appellant was the proper party to seek relief for unfair trade practice. Appellant filed a motion for entry of default, arguing Respondent failed to timely respond to the complaint.

The circuit court held a hearing on the motions. However, the hearing was continued by consent of the parties to allow Appellant to amend her filed complaint to cure the deficiency of listing "Erie Insurance Exchange" as the defendant and for the parties to explore settlement options.

On January 5, 2024—nearly a year after she filed the initial complaint—Appellant filed an amended complaint that listed the defendant as "Erie Insurance Exchange, aka Erie Insurance Group, Erie Insurance Company, and Erie Insurance." Appellant added conversion and wrongful appropriation of identity as causes of action and added a request for declaratory relief. Respondent was properly served the same day.

Respondent filed a second motion to dismiss for lack of personal jurisdiction and an answer. Respondent referred to the entity designator error that was corrected in the amended complaint but did not advance a clear argument about its relevancy after the amended complaint.

The circuit court held a hearing on the motions to dismiss and the motion for entry of default. At the hearing, Respondent expressed its belief that its first motion to dismiss and Appellant's motion for entry of default were moot because the amended complaint and its service cured any defect. However, Respondent argued

for the first time that because the summons and complaint received via certified mail listed a different entity designator than the filed summons and complaint, the action had not been commenced under Rule 3, SCRCP,[3] and the amended complaint was filed and served outside the statutes of limitations in violation of Rule 3(a)(2), SCRCP.[4]

Following the hearing, the parties filed supplemental briefs. Appellant argued that any insufficiency in the service or process had been waived under Rule 12(h), SCRCP, and the error on the summonses and complaints did not invalidate service and process. Respondent effectively asserted that due to insufficient process, Appellant had not properly commenced the action under Rule 3(a); Respondent specifically pointed to Rule 4(a), SCRCP, for the proposition that the *original* summons and complaint must be served on the defendant. According to Respondent, its argument regarding insufficiency of process was not an attempt to raise the Rule 4 defense itself but to demonstrate that Appellant failed to commence her action under Rule 3. Respondent also reiterated its argument that the first motion to dismiss and Appellant's motion for entry of default were moot because the amended complaint and its answer "render[ed] the original complaint amended out of existence."

The circuit court denied Appellant's motion for entry of default and granted Respondent's motion to dismiss. The circuit court found that Appellant "never served the summons or the filed summons and complaint" and instead served a different summons and complaint listing "Erie Insurance Exchange" as the defendant. Accordingly, the circuit court found the action was not commenced pursuant to Rule 3, SCRCP, and the statutes of limitations on Appellant's causes of action expired on September 30, 2023, before she filed her amended complaint.[5] The circuit court dismissed the matter with prejudice.

---

[3] Rule 3, SCRCP, requires the plaintiff (1) file the summons and complaint with the clerk of court and (2) serve the summons and complaint on the defendant to commence the action.

[4] Rule 3(a)(2), SCRCP, permits the plaintiff to commence the action outside the statute of limitations if (1) the summons and complaint were *filed* before the statute of limitations lapses and (2) service occurs within 120 days of filing.

[5] All the causes of action had a three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530(8) (2005) (bad faith); S.C. Code Ann. § 39-5-150 (2023) (unfair trade practice); S.C. Code Ann. § 15-3-530(4) (2005) (conversion); S.C. Code Ann. § 15-3-530(5) (2005) (misappropriation of identity).

Appellant filed a Rule 59(e), SCRCP, motion, which the circuit court denied. This appeal followed.

## LAW/ANALYSIS

"In reviewing a motion to dismiss, this [c]ourt applies the same standard of review as the [circuit] court." *Carolina Park Assocs., LLC v. Marino*, 400 S.C. 1, 6, 732 S.E.2d 876, 878 (2012). "The plaintiff need only show compliance with the rules." *Moore v. Simpson*, 322 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct. App. 1996).

Rule 3(a), SCRCP, provides the following:

> A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
>
> (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

Rule 4, SCRP, governs process and how to effectuate service of process. Rules 12(b)(4)[6] and (5),[7] SCRCP, permit a pleader to raise defenses of insufficient process and insufficient service of process. However, the Rule 12(b)(4) and (5) defenses cannot be raised at any time. "Rule 12(h)(1), SCRCP, expressly provides that the defense of insufficiency of service of process [and insufficiency of process] is waived 'if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.'" *Unisun Ins. v. Hawkins*, 342 S.C. 537, 541, 537 S.E.2d 559, 561 (Ct.

---

[6] Insufficiency of process specifically concerns form of process (i.e., the summons and complaint). *See* Rule 4, SCRCP; 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (4th ed. 2019) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.").

[7] Insufficiency of service of process specifically concerns "the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." Wright & Miller, *supra* note 6, § 1353 (footnotes omitted).

App. 2000) (quoting Rule 12(h)(1), SCRCP). "The failure to plead an affirmative defense is deemed a waiver of the right to assert it." *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 615, 703 S.E.2d 221, 224 (2010) (quoting *Whitehead v. State*, 352 S.C. 215, 220, 574 S.E.2d 200, 202 (2002)).

Respondent argues the action never commenced because Appellant failed to serve a copy of the "original" summons as required by Rule 3 *and* Rule 4(a), SCRCP—"[c]opies of the original summons shall be served upon each defendant." Respondent attempts to funnel its argument through Rule 3(a), SCRCP. However, Respondent's argument boils down to an argument of insufficient process or service. To allow Respondent to cloak an insufficient service or process defense as a Rule 3 argument would vitiate Rule 12(h)'s explicit and mandatory waiver of those defenses when a party fails to raise them properly. *See Pee Dee Health Care, P.A. v. Est. of Thompson*, 424 S.C. 520, 531, 818 S.E.2d 758, 764 (2018) ("'In interpreting the meaning of the South Carolina Rules of Civil Procedure, the [c]ourt applies the same rules of construction used to interpret statutes.' If a statute or rule is 'plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced.'" (quoting *Maxwell v. Genez*, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003))).

Here, Respondent waived the defenses of insufficient process and insufficient services of process under Rules 12(b)(4) and (5) by failing to raise them at all. In the second motion to dismiss, Respondent sought to dismiss the claim for lack of personal jurisdiction on the ground that Respondent did not issue insurance policies in South Carolina. Respondent made no argument as to sufficiency of process or service. The first motion to dismiss—which addressed the initial complaint only—does not reference 12(b)(4) or (5) at all.[8] At most, in its first motion to dismiss,

---

[8] The sole reference Respondent makes to Rule 12(b)(4) is in a footnote in the *reply* to Appellant's brief in opposition to the motion, which provided that "[i]f [Appellant] is suing Erie Insurance Company, then the [c]omplaint must be dismissed for insufficiency of process [pursuant to Rule 12(b)(4), SCRCP] because the [s]ummons does not name Erie Insurance Company." It is not clear what relevance that would have here because Erie Insurance Company was never listed as the defendant in any of the summonses or complaints, nor is Respondent asserting that the proper party would be Erie Insurance Company. Further, the same footnote provided that Appellant's use of "Erie Insurance Group, Inc.," "Erie Insurance Group," and "Erie Insurance Company" interchangeably violated Rule 4(b), SCRCP. Respondent added no reasoning as to why this violated Rule 4(b) and we are unable to discern

Respondent housed the entity designator error as a Rule 12(b)(2), SCRCP, violation—lack of personal jurisdiction—but Respondent's argument was only that the entity, Erie Insurance Group, did not exist.  While we acknowledge that courts often gain personal jurisdiction through service of the summons and complaint, this state's rules of civil procedure include specific defenses under Rule 12(b), SCRCP, for insufficiency or failure of service or process.  *See Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 373 S.C. 331, 337, 644 S.E.2d 793, 796 (Ct. App. 2007) ("Although a court commonly obtains personal jurisdiction by the service of the summons and complaint, it may also obtain personal jurisdiction if the defendant makes a voluntary appearance.").  The proper vehicle for challenging service is Rule 12(b)(5) and the proper vehicle for challenging process is Rule 12(b)(4); neither of which were raised by Respondent.  *See Unisun Ins.*, 342 S.C. at 543, 537 S.E.2d at 562 ("Rule 12(b)(5) is the proper vehicle for challenging both 'the mode of delivery or the lack of delivery of the summons and complaint.'"  (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1353 (2d 1990))).  Thus, we hold Respondent's Rule 3 argument regarding commencement of the action fails because Rules 4 and 5 govern process and service of process and Respondent waived all defenses under these Rules pursuant to Rule 12(h).  Rule 12(h)(1), SCRCP ("A defense of . . . insufficiency of process, [or] insufficiency of service of process. . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.").

We also hold the circuit court erred by finding that Appellant's causes of action were time-barred because Appellant's amended complaint related back to her original complaint that was filed and served within the statutes of limitations.  *See Jackson v. Doe*, 342 S.C. 552, 557–58, 537 S.E.2d 567, 570 (Ct. App. 2000) (stating that when amending a party's name, Rule 15(c) requires the following: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period." (quoting *Hughes v. Water World Water Slide, Inc.,* 314 S.C. 211, 214, 442 S.E.2d 584, 586 (1994))).  As discussed above, Respondent waived any defense that the initial service and process were not sufficient.  The action commenced at the latest on February 27, 2023, when Respondent was served via

---

what the reasoning would be.  Respondent made none of these arguments in the motion itself or the brief supporting its motion.

certified mail, well before the September 30, 2023 lapse of the statutes of limitations. Further, Respondent engaged in settlement negotiations, consented to the complaint's amendment, and filed a notice of appearance before even receiving any of the summonses and complaints. Respondent was inescapably aware it was the proper party to this litigation and suffered no prejudice from Appellant correcting the entity designation error in her amended complaint.

Finally, we reverse the circuit court's denial of Appellant's motion for entry of default because the circuit court's denial was grounded in its finding that the action was never commenced, which we hold was an error of law. *Cf. Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606–07, 681 S.E.2d 885, 888 (2009) ("The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion. An abuse of discretion occurs when the judge issuing the order was controlled by some error of law . . . ." (citation omitted)).

For these reasons, the circuit court's order is

**REVERSED AND REMANDED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**