24044

James Franklin PARKER, Jr., Marilyn Marie Parker, and Eva Marie Parker, Appellants v. Ethel Lee PARKER, as Personal Representative of the Estate of James Franklin Parker, In re Requested Adjudication that Virginia Ann Martin does not qualify as an heir of the Estate of James Franklin Parker v. Virginia Ann MARTIN, Respondents.

(443 S.E. (2d) 388)

Supreme Court

*E. LeRoy Nettles, Sr.,* of *Nettles, Turbeville & Reddeck,* Lake City, *for appellants.*

*Karl A. Folkens,* of *Folkens Law Firm,* Florence, *for respondent Virginia Ann Martin.*

*Wendell O. Brown,* of *O'Bryan, Brown, O'Bryan & Frager,* Kingstree, *for respondent Ethel Lee Parker.*

Heard Mar. 3, 1994.

Decided Apr. 4, 1994.

TOAL, Justice:

This case arises from the circuit court's affirmance, on appeal, of a probate court order refusing to disqualify an heir of an estate. We affirm.

## FACTS

James Franklin Parker, Sr. died intestate in July 1987. In August 1987, Ethel Lee Parker, the decedent's wife, applied for informal probate and appointment as the personal representative of the estate. In paragraph 4 of the Application/Petition for Informal Probate, Mrs. Parker listed herself as the widow, and the appellants and Virginia Ann Martin as the children of James Parker, Sr.

In September 1987, the appellants filed a petition for the removal of the personal representative alleging that she was not the wife of the decedent. The parties, to include Virginia Ann Martin, reached an agreement to allow Ethel Lee Parker to continue as the personal representative, and this agreement was reduced to an order of the probate court in October 1988.

In May 1988, Antuan Franklin Parker came forward and filed a motion asking to be declared a natural child and heir of the decedent. The probate court denied this motion on the grounds that the motion was filed outside the statutory limit, and that the personal representative was the proper party to raise the defense against the claim. Throughout the process, the probate court's orders acknowledged the presence and participation of Virginia Ann Martin and her counsel in each proceeding.

In November 1991, almost four years after the death of James Parker, Sr., appellants filed a motion to exclude Virginia Ann Martin as an heir pursuant to S.C. Code Ann. § 62-2-109 (1987). The probate judge denied this motion noting that no effort was made to exclude Virginia Ann Martin as an heir in any prior proceeding. The probate judge further found that Virginia Ann Martin had the right to rely on the silence of the other heirs, and that the other heirs knew that she was included as an heir and participated in all of the previous proceedings.

On appeal to the circuit court, the judge, relying on the preamble of the statute, concluded that an adjudication of paternity under § 62-2-109 was necessary only in those cases where paternity was questioned. As an additional basis for affirming the probate court's decision, the circuit judge also concluded:

> [i]n this case, the Personal Representative never disputed the parentage, and neither did any of the natural

children of the Decedent until well after the time for bringing such an action had passed. I do not think that they can benefit from their own failure in that regard, after all of this time . . . especially when no prior question had been raised in that regard.

[ROA at p. 26.] It is from this decision that appellants now appeal.

## ISSUES

Appellants raise the following two issues:

1. Whether the circuit court erred in failing to apply S.C. Code Ann. § 62-2-109 (1987) to exclude Virginia Ann Martin as an heir to the estate.

2. Whether the circuit court erred in finding that appellants had effectively waived or were estopped from raising the provisions of § 62-2-109 to exclude Virginia Ann Martin as an heir to the estate.

## LAW/ANALYSIS

### Statutory Application

Appellants first argue that the probate court and the circuit court erred in not applying S.C. Code Ann. § 62-2-109 to exclude Virginia Ann Martin as an heir of the estate. The circuit court, in its order, relied on the statute's preamble to interpret the statute as non-mandatory. The preamble of § 62-2-109 provides that :

[i]f, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person: . . .

The rest of the statute describes the various conditions that paternity may be disputed and the process to follow in the event a personal representative or other interested party disputes paternity.

The relevant portion of § 62-2-109 provides:

[i]n cases not covered by [adoption], a person born out of wedlock is a child of the mother. That person is also a child of the father if: . . .
the paternity if established by an adjudication com-

menced before or within six months after the death of the father and, if after his death, by clear and convincing proof. . . .[1]

The circuit court reasoned, and we agree, that if paternity is questioned by either the personal representative or other interested party, which would include Virginia Ann Martin and the Appellants, then such action must be brought within the statutory time frame of six months after the death of the father.

On the present facts, it is quite apparent that no such dispute arose withing the statutory time limit. The personal representative actually filed the Application/Petition for Informal Probate with Virginia Ann Martin listed as a daughter. The petition, standing alone, is compelling evidence that the personal representative did not dispute Virginia Ann Martin's parentage, and therefore, that Virginia Ann Martin was not required to defend her parentage. Moreover, this petition was not disputed within six months of the death of James Parker, Sr., and throughout the protracted proceedings related to the estate, no party sought to contest Virginia Ann Martin's parentage until almost four years later.

Appellants argue that this logic improperly places a burden on the other heirs to dispute parentage. The plain meaning of the statute does not delineate which party must raise parentage as an issue; however, obviously the burden must rest with any party with an actual dispute about the parentage. Commonly, the illegitimate heir must raise the issue to be included in the intestate succession of the father, but in the present instance, there was no need since the estate, through the personal representative, acknowledged at the outset Virginia Ann Martin's parentage.

In our opinion, both the probate court and circuit court correctly decided this issue since the Appellants failed to raise Virginia Ann Martin's parentage within the statutory time limit.

---

[1] Since the controversy giving rise to this appeal, the statutory six-month period was amended to reflect an eight-month period after death, or six-month period after the probate of the estate. 1990 Act. no. 521, § 15 (June 5, 1990).

### Waiver and Estoppel

The second issue raised by Appellants is that the probate court erred by finding that the Appellants waived or were estopped from raising any claim under § 62-2-109 about Virginia Ann Martin's parentage.

A careful reading of the probate judge's order reveals that waiver and estoppel were not specifically mentioned. The language of the order refers to Virginia Ann Martin's "right to rely on the silence," and that "the action to now have her excluded comes too late." [ROA at p. 21.] Presumably this language, along with similar language in the circuit court's order affirming the probate court, referred to the time-barring effect of the statute. Assuming arguendo that the orders established waiver or estoppel as alternate grounds, there is a sufficient basis to support the court's findings.

Waiver is a question of fact for the finder of fact. *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339, 415 S.E. (2d) 384 (1992). Waiver is a voluntary and intentional abandonment or relinquishment of a known right. *Id.* at 342-44, 415 S.E. (2d) at 387. It may be expressed or implied by a party's conduct, and it may be applied to bar a party from relying on a statute of limitations defense. *Mende v. Conway Hospital, Inc.*, 304 S.C. 313, 404 S.E. (2d) 33 (1991).

Equitable estoppel occurs where a party is denied the right to plead or prove an otherwise important fact because of something which he has done or failed to do. *Lee v. Southern Railway Co.*, 228 S.C. 240, 89 S.E. (2d) 431 (1955); *see Janasik, supra.* It may arise even though there was no intention by the party to relinquish or change any existing rights. *Janasik, supra.* The essential element of estoppel is prejudice to the party raising the defense. *Id.* As we noted in *Janasik,* "the distinction between waiver and estoppel is close, and sometimes the doctrines merge into each other with almost imperceptible gradations." *Id.* 307 S.C. at 344, 415 S.E. (2d) at 388.

Regardless, either doctrine seems applicable on the present facts. Virginia Ann Martin was listed as an heir on the original petition for informal probate, she participated in the agreement to retain Ethel Parker as the personal representative, as well as a separate paternity chal-

lenge made by another alleged illegitimate heir. Now, almost four years later, the Appellants attempt to assert that Virginia Ann Martin is not an heir of the estate. This clearly is an implicit waiver of a statutory right. Further, the inaction of the Appellants gave Virginia Ann Martin absolutely no notice and lulled her into a position where she could no longer defend her parentage under § 62-2-109. The prejudice to Virginia Ann Martin is apparent and is more than sufficient to establish her defense of equitable estoppel.

Because the Appellants waived their statutory rights by filing outside the time limitations established in § 62-2-109, the judgment of the circuit court is AFFIRMED.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.