24098

Deborah WILLIAMS, Appellant v. SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, Respondent.

(446 S.E. (2d) 402)

Supreme Court

*Frank A. Barton,* Columbia, *for appellant.*

*William H. Bowman, III,* Columbia, *for respondent.*

Heard April 20, 1994.

Decided June 20, 1994.

MOORE, Justice:

This is an action for breach of contract and bad-faith refusal to pay underinsured motorist benefits. The trial judge granted summary judgment to respondent (Insurer). We affirm.

## FACTS

Appellant (Williams) was injured in an auto accident. She settled with the at-fault driver's liability insurance carrier for $25,000, the limit available under that policy. In return, she agreed not to execute any judgment obtained against the at-fault driver personally. After the settlement, Williams did not bring an action against the at-fault driver but filed a claim for underinsured motorist benefits under her policy with Insurer claiming her medical bills exceeded $25,000. When Insurer refused to pay, Williams commenced this action.

Insurer moved for summary judgment on the ground Williams failed to pursue an action against the at-fault driver to establish liability and damages. Further, since the statute of limitations to commence an action against the at-fault driver had expired, no such action could ever be brought and

Insurer was entitled to judgment as a matter of law. The trial judge granted the motion and Williams appeals.

### ISSUE

Whether an insured's failure to comply with S.C. Code Ann. § 38-77-160 (Supp. 1993) bars recovery of underinsured motorist benefits.

### DISCUSSION

S.C. Code Ann. § 38-77-160 (Supp. 1993) provides in part:

> No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability. . . . In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

Under this provision, summary judgment was properly granted Insurer because Williams failed to comply with the requirement that she serve on Insurer copies of pleadings in an action against the at-fault driver. Further, an action against the at fault driver can never be brought since the statute of limitations has run on that cause of action.[1] Since § 38-77-160 bars an action for underinsured benefits absent compliance with the requirement that pleadings in the action establishing liability be served on the underinsured carrier, Williams cannot maintain her action against Insurer.

We note that the intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits. An insured must therefore pre-

---

[1] We reject Williams's argument that Insurer waived the statute of limitations defense in the action against the at-fault driver by failing to act on Williams's claim for benefits until after the statute had run. The record in this case indicates no action by Insurer inconsistent with an intention to rely on the statute. *Cf. Mende v. Conway Hospital,* 304 S.C. 313, 404 S.E. (2d) 33 (1991).

serve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits. In the event the insured chooses to settle with the at-fault party's liability carrier, the underinsured carrier has the option to assume control of the defense of the action as provided in § 38-77-160. In this case, Williams's failure to pursue an action against the at-fault driver resulted in a total waiver of Insurer's right to defend. The purpose of § 38-77-160 is to avoid such a result.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.