486 S.E.2d 525

**Louella E. LOUDEN, Appellant,**

v.

**Juanita MORAGNE, Respondent.**

No. 2685.

Court of Appeals of South Carolina.

Submitted May 6, 1997.
Decided June 16, 1997.

William C. Bettis, of Ayers & Smithdeal, Greenwood, for appellant.

Robert A. McKenzie and Gary H. Johnson, II, both of McDonald, McKenzie, Rubin, Miller & Lybrand, Columbia, and Douglas A. Churdar, Greenville, for respondent.

HEARN, Judge:

Louella E. Louden brought this negligence action against Juanita Moragne as the result of an automobile accident. The trial judge granted summary judgment in favor of Moragne, finding Louden failed to personally serve Moragne within the applicable statute of limitations. We affirm.[1]

### *Facts*

Louden and Moragne were involved in an automobile accident on May 1, 1992. On October 13, 1993, Louden settled her claim against Moragne and her liability carrier for $15,000. As part of the settlement agreement, Louden executed a release in which she agreed not to execute any judgment against Moragne. However, Louden reserved the right to bring a direct action against Moragne to establish Louden's entitlement to underinsured motorist benefits. The release states:

PROVIDED, HOWEVER, it is expressly understood, and agreed between the parties, that the undersigned may bring an action against James Moragne and Juanita Moragne if necessary, for the sole purpose of establishing the liability, if any, of any underinsured motorist carrier providing coverage.

On August 22, 1994, Louden filed this negligence action against Moragne. Three days later, Louden served State

---

**1.** We decide this case without oral argument pursuant to Rule 215, SCACR.

Farm Mutual Automobile Insurance Company with a copy of the summons and complaint, thereby notifying State Farm that she intended to claim benefits under her underinsured motorist coverage. Louden did not, however, serve Moragne with a copy of the summons and complaint.

State Farm appeared on behalf of Moragne and filed a timely answer asserting that Moragne had not been personally served, and therefore the court lacked *in personam* jurisdiction. Moragne was personally served on January 20, 1996. State Farm then amended its answer asserting the additional defense that the statute of limitations had expired for bringing the action against Moragne.

In June 1996, the trial judge granted summary judgment in favor of Moragne on the ground that the statute of limitations barred the action.

## I.

Louden argues the trial judge erred in dismissing the action based on the statute of limitations. She asserts the release agreement between the parties terminated the original right of action, and concomitantly granted her a new right of action based on contract, thereby impliedly waiving the original statute of limitations. We disagree.

Louden argues that the release created a new right of action in contract for the purpose of establishing her entitlement to underinsured motorist benefits, and that the statute of limitations for this new right began to run from the date of the release. We believe the clear language of the release indicates that Louden merely preserved her right to pursue a tort action against Moragne to establish her entitlement to underinsured motorist benefits. This was a right which existed from the date of the accident and was not "created" by the terms of the release. Thus, the trial court correctly construed the agreement and applied the correct three year statute of limitations.

## II.

Louden also argues the trial court erred in dismissing the action based on the statute of limitations because she properly served the real party in interest, her underinsured motorist

carrier, well before the statute of limitations expired. We disagree.

Under Rule 3(a), SCRCP, a civil action is commenced by the filing and service of a summons and complaint. Service of the summons brings the defendant within the court's jurisdiction and gives the court the power to render a personal judgment against the person served. James F. Flanagan, *South Carolina Civil Procedure* 7 (2d ed. 1996). It is undisputed that Moragne was not served until after the running of the three year statute of limitations. Louden argues that although Moragne is the named defendant, the underinsured motorist carrier is the real party in interest. We find this argument unpersuasive. The fact that any judgment rendered will not ultimately be collected from the named defendant but from the insurance company does not excuse the fundamental requirements of personal service. A court may not enter a valid judgment against an individual over whom the court lacks personal jurisdiction.

The South Carolina Supreme Court addressed a similar issue in *Williams v. Selective Insurance Co.,* 315 S.C. 532, 446 S.E.2d 402 (1994). In *Williams,* the plaintiff was injured in an auto accident and settled with the at-fault driver's liability insurance carrier for $25,000. *Id.* at 533, 446 S.E.2d at 403. In return, she agreed not to execute any judgment obtained against the at-fault driver personally. *Id.* Subsequently, Williams did not bring an action against the at-fault driver to establish her entitlement to underinsured motorist benefits, but instead filed a claim for underinsured benefits with her insurer. *Id.* When the insurer refused to pay, she brought an action for breach of contract and bad faith refusal to pay underinsured motorist benefits. *Id.*

The court held Williams had failed to comply with S.C. Code Ann. § 38–77–160 (Supp.1996), which provides:

No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability.... In the event the automobile insur-

ance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

The court held the insured must preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured benefits. *Williams,* 315 S.C. at 535, 446 S.E.2d at 404. Williams' failure to pursue an action against the at-fault driver resulted in a total waiver of the insurer's right to defend. *Id.*

■ In the present case, the negligence action is against the at-fault driver and not directly against the insurance company. Service on the at-fault driver is an essential component of the negligence action. Thus, we hold that the named defendant in an action for benefits under a plaintiff's underinsured motorist policy must be properly served with the summons and complaint prior to the running of the statute of limitations.

Accordingly, the order of the trial judge is

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.