**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

CitiMortgage, Inc., Respondent,

v.

William H. Smith, Jr., a/k/a William H. Smith, Angella S. Smith, and The South Carolina Department of Revenue, Defendants,

Of whom William H. Smith, Jr., a/k/a William H. Smith and Angella S. Smith are, Appellants.

Appellate Case No. 2012-212894

Appeal from Greenville County
The Honorable Charles B. Simmons, Jr., Master-in-Equity

Memorandum Opinion No. 2014-MO-006
Heard March 4, 2014 – Filed March 12, 2014

**AFFIRMED**

Bridget D. Swing, of Greenville, for Appellants.

Thad H. Westbrook and Sarah B. Nielsen, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

PER CURIAM: The appellants contend the master-in-equity erred in dismissing their answer and counterclaims filed after the entry of a default foreclosure judgment against them because South Carolina Supreme Court Administrative Order No. 2011-05-02-01 provides for the filing of an answer following the completion of the foreclosure intervention process regardless of whether a default judgment has been entered, because the master considered a letter written by the Director of South Carolina Court Administration interpreting the administrative order, and because Respondent waived the default judgment. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. The Administrative Order: S.C. Const. art. V, § 4 ("The Supreme Court shall make rules governing the administration of all the courts of the State. Subject to the statutory law, the Supreme Court shall make rules governing the practice and procedure in all such courts."); S.C. Const. art. V, § 4A ("All rules and amendments to rules governing practice and procedure in all courts of this State promulgated by the Supreme Court must be submitted by the Supreme Court to the Judiciary Committee of each House of the General Assembly . . . . Such rules or amendments shall become effective ninety calendar days after submission unless disapproved by concurrent resolution of the General Assembly . . . ."); *CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) ("[W]e must read the statute so 'that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous . . . .'" (quoting *State v. Sweat*, 379 S.C. 367, 376, 665 S.E.2d 645, 650 (Ct. App. 2008))); *Maxwell v. Genez*, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003) ("In interpreting the meaning of the South Carolina Rules of Civil Procedure, the Court applies the same rules of construction used to interpret statutes. . . . If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced."); *Nucor Steel v. S.C. Pub. Serv. Comm'n*, 310 S.C. 539, 545, 426 S.E.2d 319, 323 (1992) ("The well-settled rule in South Carolina is that, where possible, all provisions of a statute must be given full force and effect."); Rule 55(c), SCRCP ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."); Rule 60(b), SCRCP ("On motion and on such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . .").

2. The Letter: *I'On, L.L.C. v. Town of Mount Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

3. Waiver: *Eason v. Eason*, 384 S.C. 473, 480, 682 S.E.2d 804, 807 (2009) ("[W]aiver requires a party to have known of a right and known he was abandoning that right."); *Parker v. Parker*, 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994) ("Waiver is a voluntary and intentional abandonment or relinquishment of a known right."); Rule 55(c), SCRCP; Rule 60(b), SCRCP.

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**