**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Andreal Holland, Appellant,

v.

J.C. Witherspoon, Jr., Inc., A&K Mulch, and Capital City Insurance Company, Respondents.

Appellate Case No. 2013-000276

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

Memorandum Opinion No. 2014-MO-031
Heard April 3, 2014 – Filed July 23, 2014

**REVERSED AND REMANDED**

Thomas K. Fowler, Jr., of Peake & Fowler Law Firm, PA, of Columbia, for Appellant.

Mark Davis Cauthen and Peter P. Leventis, IV, both of McKay Cauthen Settana & Stubley, PA, of Columbia, for Respondents.

**CHIEF JUSTICE TOAL:**   In this appeal, we reviewed the circuit court's order affirming the South Carolina Workers' Compensation Appellate Panel's decision

that Respondents were entitled to stop paying Appellant's workers' compensation benefits.  Appellant contends that Respondents waived the election of remedies defense because the carrier knew of Appellant's intent to file a third-party lawsuit and initially took action indicating joint pursuit of the third-party lawsuit, yet did not raise the election of remedies defense until more than two years later.

"Waiver is a voluntary and intentional abandonment or relinquishment of a known right."  *Eason v. Eason*, 384 S.C. 473, 480, 682 S.E.2d 804, 807 (2009) (quoting *Parker v. Parker*, 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994)).  Waiver "may be expressed or implied by a party's conduct."  *Parker*, 313 S.C. at 487, 443 S.E.2d at 391 (citing *Mende v. Conway Hosp., Inc.*, 304 S.C. 313, 404 S.E.2d 33 (1991)).  "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable."  *Lyles v. BMI, Inc.*, 292 S.C. 153, 158–59, 355 S.E.2d 282, 285 (Ct. App. 1987) (citing *Pitts v. N.Y. Life Ins. Co.*, 247 S.C. 545, 148 S.E.2d 369 (1966)).  Based on the circumstances of this case and the authority cited above, we reverse and remand to the South Carolina Workers' Compensation Commission to reinstate Appellant's workers' compensation benefits.

**REVERSED AND REMANDED.**

**BEATTY, KITTREDGE and HEARN, JJ., concur.  PLEICONES, J., dissenting in a separate opinion.**

**JUSTICE PLEICONES**:  I respectfully dissent as I can find no reversible error in the circuit court's ruling that Respondents did not waive their right to assert the defense of election of remedies.  It is well-settled that a carrier's actual knowledge of an injured worker's intent to file third party suit does not excuse the injured party's failure to comply with the notice requirements of S.C. Code Ann. § 42-1-560 (1985).  *See Callahan v. Beaufort Cnty Sch. Dist.*, 375 S.C. 92, 96, 651 S.E.2d 311, 313 (2007) fn.2.  The circuit court agreed with the factual finding of the Full Commission that Respondents "raised this defense, election of remedies, at every contested hearing in this case since the defense became viable . . . ."  Under the substantial evidence scope of review, I find that we must uphold this factual finding and affirm.  *E.g.*, *Bridges v. Housing Auth., City of Charleston*, 278 S.C. 342, 295 S.E.2d 872 (1985).