**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte:

Progressive Northern Insurance Company, Respondent,

In re:

Ronald Lee Cooper, Appellant,

v.

Rebecca Sue Fischer, Defendant.

Appellate Case No. 2014-001026

———————————

Appeal From Lexington County
Brian M. Gibbons, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-104
Submitted November 1, 2015 – Filed March 2, 2016

———————————

**AFFIRMED**

———————————

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington,
for Appellant.

Peter E. Farr, of Murphy & Grantland, PA, of Columbia,
for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 38-77-160 (2015) ("No action may be brought under the underinsured motorist [(UIM)] provision [of an automobile insurance policy] unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the [UIM] provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear."); *Williams v. Selective Ins. Co. of Se.*, 315 S.C. 532, 534, 446 S.E.2d 402, 404 (1994) ("[T]he intent of [section] 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits."); *Ex parte Allstate Ins. Co.*, 339 S.C. 202, 205, 528 S.E.2d 679, 681 (Ct. App. 2000) ("To allow service on a UIM carrier after that action has been tried would defeat the purpose of granting the UIM carrier the right to 'appear and defend.'"); *id.* (stating "even if [the UIM carrier] had the right to participate in post-trial motions or appeal the judgment against [the defendant], these rights would have been a far cry from the right to protect itself during the early stages of the lawsuit").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.