**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: Liberty Mutual Insurance Company and Horace Mann Property and Casualty Insurance Company, Respondents,

In Re:

Howell D. Thompson and Tara L. Thompson, Appellants,

v.

Carlos D. Toney, Defendant.

Appellate Case No. 2023-000074

———————

Appeal From Sumter County
R. Kirk Griffin, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-335
Heard November 14, 2024 – Filed October 1, 2025

———————

**AFFIRMED**

———————

Andrew Nathan Safran, of Andrew N. Safran, LLC; Theile Branham McVey, John D. Kassel, and Jamie Rae Rutkoski, all of Kassel McVey; Shanon N. Peake and Jonathan M. Robinson, both of Smith Robinson Holler DuBose Morgan, LLC, all of Columbia; and George

Murrell Smith, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Sumter, all for Appellants.

Richard Edward Mclawhorn, Jr. and Aaron Jameson Hayes, both of Sweeny Wingate & Barrow, PA, of Columbia, for Respondent Liberty Mutual Insurance Company.

Karl Stephen Brehmer and Andrew Carson Brehmer, both of Brehmer Law Firm, LLC, of Columbia, for Respondent Horace Mann Property and Casualty Insurance Company.

---

**VINSON, J.:**  In this civil action, Howell D. Thompson (Howell) and Tara L. Thompson (collectively, the Thompsons) appeal the circuit court's order granting the motions of Liberty Mutual Insurance Co. (Liberty Mutual) and Horace Mann Property and Casualty Insurance Co. (Horace Mann) (collectively, Carriers) to dismiss.  The Thompsons argue the circuit court erred by (1) dismissing the case when the action was commenced against the at-fault driver; (2) relying on *Louden v. Morange*[1] to dismiss the case and ignoring controlling South Carolina authority; (3) finding Carriers did not waive service-related issues by failing to file timely motions to dismiss, participating in litigation for almost two years, and waiting until the eve of trial, after the statute of limitations had run, to raise service-related issues; and (4) refusing to estop Liberty Mutual from raising a service defense when it assured the Thompsons that no service-related issues existed and accepted the circuit court's jurisdiction by requesting a transfer of venue.  We affirm.

**FACTS**

Carlos D. Toney and Howell were involved in a two-vehicle motor vehicle collision on June 2, 2017.  Howell suffered injuries to his arms as a result.  The Thompsons reached a settlement with Toney and his liability carrier on September 9, 2019.  As part of the settlement, the Thompsons signed a covenant not to execute to protect their right to recover underinsured motorist (UIM) coverage from their own insurance policies.

---

[1] 327 S.C. 465, 486 S.E.2d 525 (Ct. App. 1997).

The Thompsons filed a summons and complaint against Toney on December 5, 2019, alleging claims for negligence and loss of consortium.  They served Carriers under sections 38-5-70[2] and 38-77-160[3] of the South Carolina Code (2015) but never served Toney.

Carriers filed separate answers to the complaint and both included a defense of improper service upon Toney.  Specifically, in its answer and first amended answer, Liberty Mutual averred, "Insurer would show that [the Thompsons'] claims are barred because Insurer and Defendant have not been served in accordance with the South Carolina Rules of Civil Procedure."  Liberty Mutual also alleged the action was barred by the applicable statute of limitations.  In the introductory paragraph of its answer, Horace Mann stated, "Defendant, by and through the [UIM] carrier, Horace Mann . . . ("Defendant") hereby answers the [c]omplaint . . . ."  In claiming improper service, Horace Mann stated, "[The Thompsons] ha[ve] failed to obtain [s]ervice of [p]rocess against this Defendant and for that reason, [the c]omplaint should be dismissed with prejudice."

Upon receiving Liberty Mutual's answer, counsel for the Thompsons asked counsel for Liberty Mutual if its defenses of statute of limitations and improper service were "serious omissions [it] w[ould] be filing a motion upon or more of a boilerplate pleading at this stage of litigation."  Counsel for Liberty Mutual responded that the defenses were "[b]oilerplate at this stage."

From January 2020 to October 2021, the parties engaged in litigation and discovery, conducting thirteen depositions, including Toney's deposition; subpoenaing medical and cell phone records; and serving and responding to interrogatories, requests for production, and requests to admit.

In an email dated October 26, 2021, counsel for the Thompsons stipulated they never served Toney with the summons and complaint.  The Thompsons also

---

[2] § 38-5-70 ("Every insurer shall . . . appoint in writing the director and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it must be served and . . . agree that any lawful process against it which is served upon this attorney is of the same legal force and validity as if served upon the insurer . . . .").

[3] § 38-77-160 ("No action may be brought under the [UIM] provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the [UIM] provision.").

admitted they never personally served Toney with the summons and complaint in response to Liberty Mutual's request to admit.

On October 26, 2021, Liberty Mutual filed a motion to dismiss or, in the alternative, motion for summary judgment on the ground that the Thompsons never served Toney with the summons and complaint. Horace Mann also filed a motion to dismiss for failure to obtain service of process seeking dismissal or summary judgment on the grounds Toney had never been served. The circuit court granted Carriers' motions and dismissed the case.[4] The Thompsons filed a motion to reconsider, which the circuit court denied. This appeal followed.

**STANDARD OF REVIEW**

This court reviews a grant of summary judgment under the same standard that governs the trial court. *Simmons v. Berkeley Elec. Coop., Inc.*, 419 S.C. 223, 228, 797 S.E.2d 387, 390 (2016); Rule 56(c), SCRCP (providing summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). "[S]ummary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Simmons*, 419 S.C. at 228, 797 S.E.2d at 390.

**ANALYSIS**

**I. Preservation of Action Against At-Fault Driver**[5]

First, we hold the Thompsons failed to preserve an action against Toney because they neither personally served Toney with the summons and complaint nor achieved personal service through his voluntary appearance within the applicable statute of limitations.

The Thompsons filed this lawsuit on December 5, 2019, and the statute of limitations expired June 2, 2020. *See* S.C. Code Ann. § 15-3-530(5) (2005) (providing a three-year statute of limitations applies to claims for "any injury to the

---

[4] Although the circuit court issued an order dismissing the case, the court analyzed the motions as motions for summary judgment. We therefore review the order dismissing the case as an order granting summary judgment.

[5] We address the Thompsons' Issues I and II together.

person . . . not arising on contract"); *Wiggins v. Edwards*, 314 S.C. 126, 129, 442 S.E.2d 169, 170 (1994) (holding the statute of limitations for personal injury claims arising from a car accident begins to run on the date of the accident); *see also* Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."). The Thompsons conceded they did not personally serve Toney with the summons and complaint upon filing but argue service was accomplished on May 15, 2020, when Toney appeared for his deposition and gave testimony in this case. The Thompsons assert this constituted a voluntary appearance equivalent to personal service to satisfy Rule 4(d), SCRCP.

We hold Toney's appearance at this deposition, which was held by videoconference, did not constitute a voluntary appearance sufficient to satisfy Rule 4(d). *See* Rule 4(d), SCRCP (stating "[v]oluntary appearance by defendant is equivalent to personal service"). In support of their argument, the Thompsons rely on three cases. *See S.C. Dep't. of Soc. Servs., ex rel. Roseboro v. Burris*, 297 S.C. 537, 377 S.E.2d 578 (1989) (holding the defendant's voluntary appearance in a paternity action was equivalent to personal service when the defendant admitted he had sexual relations with the mother before the child's birth); *Ex parte Cannon*, 385 S.C. 643, 659-60, 685 S.E.2d 814, 823 (Ct. App. 2009) (holding that "[b]y appearing and arguing the merits of the action multiple times before the circuit court, . . . Cannon consented to the circuit court's personal jurisdiction and waived any defense of lack of personal jurisdiction" when he and his counsel appeared at five hearings and never objected to the circuit court's personal jurisdiction); *Israel v. Carolina Bar-B-Que, Inc.*, 292 S.C. 282, 287, 356 S.E.2d 123, 126-27 (Ct. App. 1987) (finding the defendant made a voluntary appearance when, despite his earlier objections, he "continued to defend the suit after the [circuit court] permitted [the plaintiff to amend the complaint] to change the capacity in which [he] was sued"). Unlike *Burris*, *Cannon*, and *Israel*, here the record contains no indication that Toney was informed during the deposition that he was the defendant in the Thompsons' lawsuit. Further, Toney made no arguments regarding the merits and did not indicate he understood that he was a defendant or that he was appearing for the purpose of defending himself in this lawsuit. Because he was never served with the summons and complaint and made no voluntary appearance, we hold no action was commenced against Toney.

Further, we hold the circuit court did not err by relying upon *Louden* in dismissing the case.  *See* 327 S.C. at 466, 486 S.E.2d at 525 (affirming the circuit court's order granting summary judgment in favor of the at-fault driver when the plaintiff failed to serve the at-fault driver within the applicable statute of limitations).  In *Louden*, the plaintiff filed a negligence action against the at-fault driver and served a copy of the summons and complaint upon the UIM carrier but never served the at-fault driver.  *Id.* at 466-67, 486 S.E.2d at 526.  This court held that "[s]ervice on the at-fault driver [wa]s an essential component of the [plaintiff's] negligence action" and "the named defendant in an action for benefits under a plaintiff's [UIM] policy must be properly served with the summons and complaint prior to the running of the statute of limitations."  *Id.* at 469, 486 S.E.2d at 527.  This court also rejected the plaintiff's argument the trial court erred by dismissing her action based on the statute of limitations because she properly served her UIM carrier, which she contended was the real party in interest.  *See id.* at 468, 486 S.E.2d at 526 ("Under Rule 3(a), SCRCP, a civil action is commenced by the filing and service of a summons and complaint.  Service of the summons brings the defendant within the court's jurisdiction and gives the court the power to render a personal judgment against the person served. . . .  The fact that any judgment rendered will not ultimately be collected from the named defendant but from the insurance company does not excuse the fundamental requirements of personal service.  A court may not enter a valid judgment against an individual over whom the court lacks personal jurisdiction." (citation omitted)); *see also* § 38-77-160 ("No action may be brought under the [UIM] provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the [UIM] provision.  The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability . . . .  In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the [UIM] insurer may assume control of the defense of action for its own benefit.  No [UIM] policy may contain a clause requiring the insurer's consent to settlement with the at-fault party."); *Williams v. Selective Ins. Co. of Se.*, 315 S.C. 532, 534-35, 446 S.E.2d 402, 404 (1994) (noting that "the intent of [section] 38-77-160 is to protect an insurance carrier's right to contest its liability for [UIM] benefits.  An insured must therefore preserve the right of action against an at-fault driver so long as the [UIM] carrier has not agreed to the amount and payment of [UIM] benefits"); *Louden*, 327 S.C. at 468-69, 486 S.E.2d at 526-27 (finding section 38-77-160 requires an insured to preserve his right of action against an at-fault driver to be able to seek UIM benefits).

We read the foregoing authorities as containing a mandatory requirement that the insured preserve an action against the at-fault driver to maintain a claim for UIM coverage. *See* § 38-77-160 ("No action may be brought under the [UIM] provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the [UIM] provision."); *see also Williams*, 315 S.C. at 534-35, 446 S.E.2d at 404 ("An insured must . . . preserve the right of action against an at-fault driver so long as the [UIM] carrier has not agreed to the amount and payment of [UIM] benefits"); *Louden*, 327 S.C. at 468-69, 486 S.E.2d at 526-27 (finding section 38-77-160 requires an insured to preserve his right of action against an at-fault driver to be able to seek UIM benefits). Under such reading, we hold the Thompsons were required to commence this action against Toney—the at-fault driver and sole defendant in this case—prior to the expiration of the statute of limitations to be able to seek UIM benefits from Carriers. Because the Thompsons failed to serve Toney with process and Toney made no voluntary appearance sufficient to satisfy Rule 4(d), SCRCP, prior to the expiration of the statute of limitations, we conclude the circuit court did not err by dismissing the case on the ground that the Thompsons failed to preserve a right of action against Toney.

Moreover, we reject the Thompsons' additional argument that Carriers were responsible for disproving service. *See Moore v. Simpson*, 322 S.C. 518, 523, 473 S.E.2d 64, 66 (Ct. App. 1996) ("The plaintiff has the burden to establish that the court has personal jurisdiction over the defendant.").

As to the Thompsons' contention the circuit court erred in finding *Louden* was dispositive when they raised wavier and estoppel arguments against Carriers that the *Louden* court did not address, we find the Thompsons' argument is without merit. The circuit court considered and rejected the Thompsons' waiver and estoppel arguments. We address these rulings below.

## II. Waiver

The Thompsons argue Carriers waived any service-related defenses by failing to adequately assert the defenses in their answers; failing to immediately raise any service-related issues in a Rule 12(b), SCRCP, motion; and participating in robust litigation for nearly three years. We address each of these arguments in turn.

## A. Sufficiency of Answer

The Thompsons argue that *Unisun Insurance v. Hawkins*, 342 S.C. 537, 537 S.E.2d 559 (Ct. App. 2000), is controlling and that Carriers waived their service-related defenses by failing to plead them with specificity. We disagree.

In *Unisun*, this court held the defendant "failed to properly plead the defense of insufficiency of service of process either by motion or in his answer" and thus waived the defense. 342 S.C. at 543, 537 S.E.2d at 562. This court found "the averment that Unisun 'failed to serve [the defendant] within the three-year statute of limitations' [wa]s insufficient, standing alone, to raise the defense of insufficiency of service of process." *Id.* at 542-43, 537 S.E.2d at 562. This court further found that "[the defendant] failed to identify that he was moving to challenge service of process pursuant to Rule 12[, SCRCP,] and failed to specify any defects in the service of process." *Id.* at 543, 537 S.E.2d at 562. The court held that because the defendant "failed to challenge the service of process properly," he "also waived his statute of limitations defense." *Id.*

We hold the circuit court did not err by ruling that Carriers sufficiently pled defenses of improper service because their pleadings contained more specificity than those at issue in *Unisun*. Here, Liberty Mutual stated in its answer, "Insurer would show that [the Thompsons'] claims are barred because Insurer and Defendant have not been served in accordance with the South Carolina Rules of Civil Procedure." The introductory paragraph in Horace Mann's answer stated, "Defendant, by and through the [UIM] carrier, Horace Mann . . . ("Defendant") hereby answers the [c]omplaint . . . ." In claiming improper service, Horace Mann stated, "[The Thompsons] ha[ve] failed to obtain [s]ervice of [p]rocess against this Defendant and for that reason, [the c]omplaint should be dismissed with prejudice." Further, Liberty Mutual specifically referenced section 38-77-150 of the South Carolina Code (2015)[6] in its answer, and when it amended its answer (with the Thompsons' consent) to change "uninsured" to "underinsured," it added a reference to section 38-77-160. We hold Liberty Mutual's allegation the defendant had not been served in accordance with the Rules of Civil Procedure was sufficient to raise a defense of improper service. Similarly, we hold Horace Mann's allegation that the Thompsons failed to obtain service of process against Toney was likewise sufficient to raise a defense of improper service.

**B. Failure to File Timely Rule 12(b) Motions**

---

[6] § 38-77-150 (setting forth the uninsured motorist (UM) provisions and establishing requirements for service when UM coverage is at issue).

The Thompsons next argue the circuit court erred by construing Carriers' motions as motions for summary judgment rather than Rule 12(b), SCRCP, motions. The Thompsons contend that had the circuit court properly construed these motions as Rule 12(b) motions, the motions would have been untimely. The Thompsons further assert that if Carriers had timely raised the service issue, they could have cured the defect before the expiration of the statute of limitations. We disagree.

Although 12(b) requires that a motion asserting insufficient service of process be made before pleading, this does not preclude Carriers from raising such defense in their answer and then arguing the issue along a with a defense of expiration of the statute of limitations in a motion for summary judgment. *See* Rule 12(b), SCRCP ("Every defense, in law or fact, to a cause of action in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses *may* at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process . . . . *A motion making any of these defenses shall be made before pleading if a further pleading is permitted.* No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." (emphases added)); *see also* Rule 12(g), SCRCP ("A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . . ."); Rule 12(h)(1), SCRCP ("A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g) or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."); Rule 56(b), SCRCP ("A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."); Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Carriers raised the service defenses in their answers and then brought a motion to dismiss, or in the alternative, for summary judgment. Because nothing precluded them from raising these arguments in a motion for summary judgment,

we hold Carriers timely raised the defense of improper service, and the circuit court did not err by deciding Carriers' motion as a motion for summary judgment.

## C. Waiver by Participation in Litigation

The Thompsons next argue Carriers waived any service-related defenses by participating in protracted litigation for almost two years and cite to *Maybank v. BB&T Corp.*, 416 S.C. 541, 787 S.E.2d 498 (2016), to support this contention. The Thompsons additionally assert the doctrine of laches barred Carriers' service-related defenses because they failed to raise these issues earlier in litigation. We disagree and hold the circuit court did not err by finding Carriers did not waive these defenses by participating in litigation for almost two years.

Waiver is a "voluntary and intentional relinquishment or abandonment of a known right." *Strickland v. Strickland*, 375 S.C. 76, 85, 650 S.E.2d 465, 470 (2007) (quoting *Parker v. Parker*, 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994)). "It may be expressed or implied by a party's conduct . . . ." *Parker*, 313 S.C. at 487, 443 S.E.2d at 391. We find nothing in Carriers' conduct which demonstrates a waiver of their rights under section 38-77-160.

We find the facts of *Maybank* are distinguishable. In that case, our supreme court upheld the trial court's finding the corporate defendant waived its personal jurisdiction defense by "gambl[ing] that it could argue personal jurisdiction on the eve of trial after actively participating in litigation over the course of two and a half years." 416 S.C. at 566, 787 S.E.2d at 511. The corporate defendant in *Maybank* was the direct defendant in the action and it based its personal jurisdiction argument upon the grounds that it was an out-of-state business with insufficient ties with this state. *Id.* at 564, 787 S.E.2d at 510. Unlike the corporate defendant in *Maybank*, however, Carriers' participation in this case is based upon their position as the UIM carriers pursuant to section 38-77-160. Carriers' actions demonstrate they were preparing for litigation under the assumption Toney had been served. Although two years is a lengthy period, we find Carriers did not waive these defenses by participating in litigation. *See Williams*, 315 S.C. 532, 446 S.E.2d 402.

As to the Thompsons' argument that the doctrine of laches barred Carriers' service-related defenses, we hold they failed to preserve this argument for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal,

but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

For the foregoing reasons, we hold the circuit court did not err in finding Carriers did not waive their service-related defenses by failing to raise the defenses with specificity in their answers; failing to assert them in a 12(b), SCRCP, motion; or by engaging in litigation and discovery for two years.

## D. Prejudice to Toney

The Thompsons argue the circuit court erred by considering prejudice to Toney in granting Carriers' motions. Because we hold the circuit court did not err by finding Carriers did not waive their service-related defenses, we need not address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

## III. Estoppel

The Thompsons argue the circuit court erred by failing to find Liberty Mutual should be estopped from asserting a defense of lack of service due to its specific conduct in this case. The Thompsons maintain that after filing its answer, Liberty Mutual represented that it did not believe there were any serious omissions with service but later raised a defense of lack of service. We disagree.

"In its broadest sense, equitable estoppel is a means of preventing a party from asserting a legal claim or defense that is contrary or inconsistent with his or her prior action or conduct." *Rodarte v. Univ. of S.C.*, 419 S.C. 592, 601, 799 S.E.2d 912, 916 (2017) (quoting 28 Am. Jur. 2d *Estoppel and Waiver* § 27 (2011)).

> The elements of equitable estoppel as related to the party being estopped are: (1) conduct which amounts to a false representation, or conduct which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention that such conduct shall be acted upon by the other party; and (3) actual or constructive knowledge of the real facts. The party asserting estoppel must show: (1) lack of knowledge, and the means of knowledge, of the truth as to the facts in

question; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change of position in reliance on the conduct of the party being estopped.

*Id.* at 601, 799 S.E.2d at 916-17 (footnote omitted) (quoting *Strickland*, 375 S.C. at 84, 650 S.E.2d at 470).

We find the Thompsons failed to demonstrate the elements required to establish estoppel. *See id.* As to the elements related to the party to be estopped, the Thompsons failed to show Liberty Mutual made a false representation or otherwise engaged in conduct that was calculated to mislead the Thompsons. Liberty Mutual told the Thompsons that its claims regarding service of process and statute of limitations were "boilerplate at this stage." It made no representation that it never intended to pursue such defenses, which indicates there was no intention for the Thompsons to act on the impression that it would never pursue these defenses. Furthermore, Liberty Mutual made this statement in January when there were still five months left during which the Thompsons could have served Toney within the statute of limitations. Similarly, the Thompsons failed to show Liberty Mutual had actual or constructive knowledge of the real facts. Liberty Mutual stated only that it raised certain defenses to be sure they were not waived and that these defenses were boilerplate at the time. The record contains no indication Liberty Mutual had actual knowledge at the time it made the statement that Toney had not been served.

As to the elements related to the party claiming estoppel, we hold the Thompsons cannot show reliance upon the party to be estopped or a prejudicial change in position. Regardless of Liberty Mutual's representations regarding whether it would pursue a defense related to the issue of service, the Thompsons had the burden of serving Toney and establishing personal jurisdiction. *See Moore*, 322 S.C. at 523, 473 S.E.2d at 66 ("The plaintiff has the burden to establish that the court has personal jurisdiction over the defendant."); *see also* Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations . . . ."). Thus, we hold the Thompsons failed to demonstrate reliance upon Liberty Mutual's representation or a resulting prejudicial change in position.

The Thompsons further argue Carriers waived their service defense by filing a motion related to venue without simultaneously raising insufficiency of service and lack of personal jurisdiction over Toney. We disagree.

Rule 12, SCRCP, provides a defense may be waived if it is not joined in a Rule 12 motion asserting other grounds for dismissal available under Rule 12. *See* Rule 12(g) ("A party who makes a motion under [Rule 12] may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . . ."). Here, however, Liberty Mutual made no earlier Rule 12 motion. Rather, it made its first Rule 12 motion when it made the motion to dismiss that is the subject of this appeal. Liberty Mutual did not bring its earlier motion to transfer venue as a Rule 12 motion and did not reference Rule 12(b)(3) within the motion. *See* Rule 12(b)(3) (providing a defense of improper venue may be made by motion). Instead, Liberty Mutual cited to section 15-7-30 of the South Carolina Code (Supp. 2024) in its motion, asserting a transfer of venue from Sumter to Lexington County would be more convenient for witnesses and the ends of justice would be promoted by such change.[7] Moreover, Liberty Mutual did not argue venue in Sumter was improper. Thus, we hold Liberty Mutual did not waive a defense of improper service of process by failing to assert it at the same time it brought its motion to transfer venue.

Based on the foregoing, we hold the circuit court did not err by finding the Thompsons failed to demonstrate the elements required to establish estoppel and that Liberty Mutual did not waive its service-related defenses by making a motion to transfer venue.

**CONCLUSION**

We hold the circuit court did not err by granting Carriers' motions to dismiss.

**AFFIRMED.**

**THOMAS, J., concurs.**

---

[7] *See* § 15-7-30(C) ("A civil action tried pursuant to this section against a resident individual defendant must be brought and tried in the county in which the: (1) defendant resides at the time the cause of action arose; or (2) most substantial part of the alleged act or omission giving rise to the cause of action occurred."); *see also* S.C. Code Ann. § 15-7-100(A)(3) (Supp. 2024) ("The court may change the place of trial if: . . . the convenience of witnesses and the ends of justice would be promoted by the change.").

**HEWITT, J., concurs in a separate opinion.**

**HEWITT, J., concurring:**  I agree with the majority that the best reading of the relevant authorities provides that there is a mandatory requirement that an action against the at-fault driver be preserved in order for an insured to maintain a claim for underinsured motorist coverage.  *See* S.C. Code Ann. § 38-77-160 (2015); *Williams v. Selective Ins. Co. of Se.*, 315 S.C. 532, 534–35, 446 S.E.2d 402, 404 (1994); *Louden v. Moragne*, 327 S.C. 465, 469, 486 S.E.2d 525, 527 (Ct. App. 1997).  If, however, properly serving the at-fault driver is not an absolute requirement, but instead relates to a defense that the court lacks personal jurisdiction over the at-fault driver, I believe both insurance companies failed to adequately object to personal jurisdiction, and I would reverse on that basis.  *See Unisun Ins. v. Hawkins*, 342 S.C. 537, 541–43, 537 S.E.2d 559, 561–62 (Ct. App. 2000) (explaining "objections to the sufficiency of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the rule relating to the service provisions," and holding failure to adequately allege insufficiency of service and process results in a waiver of the defense as well as a waiver of a statute of limitations defense).